**INTEROCEAN SHIPS, INC., a Delaware corporation, Plaintiff**

**v.**

**SAMOA GASES, a corporation, Defendant**

High Court of American Samoa
Trial Division

CA No. 123-85

June 20, 1994

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge.

Counsel:      For Plaintiff, William H. Reardon
               For Defendant, Arthur Ripley, Jr.

Order Denying Motions for Reconsideration or New Trial:

Both plaintiff Interocean Ships, Inc. ("Interocean") and defendant Samoa Gases moved for reconsideration or a new trial. The motions came regularly for hearing on June 9, 1994. Both parties were represented by counsel. For the reasons detailed below, we deny both motions.

This elongated case revolves around an explosion which took place on the purse seiner Ocean Pearl on November 21, 1983. The facts of the case

95

have been extensively detailed in both phases of the bifurcated trial held before this court, and will not be reiterated here.[1]

In its memorandum for a new trial, Interocean maintains that the court erred in its allocations of fault, and in failing to award lost profits, attorney's fees and costs, prejudgment interest, and court costs. We address, briefly, each above contention.

Interocean first challenges the court's assessment of 1% liability for PRI, the fuel supplier. Contrary to Interocean's assertions, the court had ample evidence before it to allocate responsibility to PRI for the explosion. While Interocean now asserts that any fuel contamination could have been caused by a variety of factors, the court examined all these possible causes at the trial. We decline to revisit and reassess the evidence.[2]

Interocean also takes issue with the court's assessment of 95% liability for Interocean. As Interocean itself acknowledges, the court noted in its Opinion issued on December 22, 1992, that Interocean should bear a significant quantum of responsibility for the explosion. Although Interocean equates the court's allocation of fault with "a complete bar of Interocean's claim" (Plaintiff's Motion for a New Trial at 5), we disagree. Under the particular facts of this case, the condition of the engine, and the conduct of the crew, Interocean's allocated percentage of liability was properly decided.

Interocean also submits, briefly, that the court erred in failing to award Interocean a portion of their claimed lost profits. Nowhere does Interocean dispute the facts found or law applied by the court. In reexamining our decision in this area, we are unable to find any basis for awarding Interocean the lost profits they seek.

Interocean also claims error in the court's failure to award any attorney's fees or costs incurred by Interocean in defending against suits brought by the injured crewmen and the widow of the Ocean Pearl's captain. Interocean presents no specific law to support this claimed error.

---

[1] The first phase of the trial took place on October 7-9, 1992 and the court's Opinion and Decision on Liability was issued on December 22, 1992. The second phase of the trial was itself divided into two parts and took place on July 14-15 and December 13-15, 1993. The court's Opinion and Decision on Damages was then issued on May 2, 1994.

[2] Moreover, even if we were to reallocate PRI's percentage of fault, it is not certain that we would assign the percentage to Samoa Gases.

Although we have examined our decision in this area in the light of Interocean's allegations, we find no error. Samoa Gases is not obligated to reimburse Interocean in any amount for attorney fees or costs.

Additionally, Interocean alleges error in the court's declining to award it prejudgment interest. Although Interocean claims that Samoa Gases caused significant delay in the trial of this case, this statement is only partially true. As Interocean itself states, not all of Samoa Gases' various motions to continue the trial were granted. Additionally, the lapsed prosecution certainly accounts for at least some of the delay this case has undergone. Furthermore, Interocean's alluding that Samoa Gases' refusal to settle prolonged the litigation is beside the point. Finally, Interocean does not dispute the law or particular facts relied on by the court. In short, we deny plaintiff's motion on this ground.

Finally, Interocean submits that, as the prevailing party, it is entitled to court costs pursuant to T.C.R.C.P. Rule 54(d). At the hearing on the present motions, the court invited Interocean's counsel to submit these costs in writing, with a copy provided to opposing counsel. We are still awaiting this submission.

We now, briefly, turn to the motion submitted by Samoa Gases. Samoa Gases asserts that the court erred in finding that the missing labels were the proximate cause of the accident, in rejecting the defense of misuse, in finding no direct evidence to refute testimony on the absence of warning labels, in denying defendant's objection to plaintiff's introduction of depositions, and in excluding various evidence and witnesses of the defendant.

It is clear that Samoa Gases' contention regarding proximate cause is without merit.[3] The question of the missing labels was litigated before this court, and the evidence fully supports the court's findings and conclusions.

Samoa Gases also claims that the court was in error in rejecting the defense of assumption of risk.[4] It appears that Samoa Gases has answered its own question by presenting a circular argument in its memorandum.

---

[3] We note that Samoa Gases, in its memorandum for a new trial, seems to be asserting that the court found the missing labels to be the proximate cause of the explosion. As our Opinion and Decision on Damages attests, this contention is mistaken.

[4] Contrary to the entire thrust of Samoa Gases' argument, the court did in fact explore this defense. We encourage Samoa Gases to reexamine our Opinions and Decisions.

Additionally, we certainly decline the invitation to award a new trial on this basis.

Samoa Gases also declares that the court erred in its finding that it had no direct evidence to refute the testimony of Mr. Robert Parkinson. Unfortunately for Samoa Gases, the only testimony they presented related to general practices of Samoa Gases. Additionally, Samoa Gases has mischaracterized Andrew Nesheim's testimony.

Samoa Gases next asserts that the court erred in denying defendant's objection to Interocean's introduction of certain depositions. Again, the argument made in this area is circular. The court's denial of Samoa Gases' objections in this area was correct.

Finally, Samoa Gases contends that the court erred in excluding various evidence and witnesses offered by it. Again, Samoa Gases presents no law, or specific facts, to uphold this contention. This evidence was correctly excluded.

For the foregoing reasons, both motions for reconsideration or a new trial are denied.

It is so ordered.